UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN DELAINE,

    Plaintiff,

v.                                          CASE NO: 8:14-cv-1278-T-26AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

The Plaintiff, proceeding *pro se*, has timely filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Court has undertaken a prompt preliminary examination of the motion, together with the record of the underlying criminal proceedings,[1] as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be denied without the need for a response from the Defendant or an evidentiary hearing because it plainly appears from the face of the motion and the related criminal proceedings that the Plaintiff is not entitled to relief under § 2255.

On May 1, 2013, a federal grand jury returned a three-count indictment against the Plaintiff charging him with possession with the intent to distribute cocaine base (count

---

[1] See United States v. Delaine, case number 8:13-cr-231-T-26EAJ.

one), possession with intent to distribute 28 grams or more of cocaine base (count two), and possession of a firearm affecting interstate commerce by a convicted felon (count three).[2] On July 11, 2013, the Plaintiff pleaded guilty to all three charges without the benefit of a plea agreement with the Defendant.[3] On October 3, 2013, the Court sentenced the Plaintiff to three concurrent terms of imprisonment of 180 months to be followed by three concurrent terms of supervised release.[4] In doing so, the Court treated the Plaintiff as a career offender pursuant to U.S.S.G. § 4B1.1 based on three state-court convictions for sale of cocaine and possession with the intent to sell cocaine.[5] The Plaintiff did not file a direct appeal with the Eleventh Circuit Court of Appeals. On May 28, 2014, the Plaintiff filed the motion to vacate under consideration,[6] arguing two grounds in support of relief under the auspices of § 2255, neither of which, as will be explained, merit such relief.

In his first ground for relief, the Plaintiff contends that he was improperly classified as a career offender under U.S.S.G. § 4B1.1 in light of the Eleventh Circuit's

---

[2] See id., docket 1.

[3] See id., docket 21.

[4] See id., dockets 23 and 24.

[5] See Presentence Report, paragraph 37.

[6] Although the motion was filed of record by the Clerk on May 30, 2014, the face of the motion reflects that the Plaintiff delivered it for mailing to prison officials on May 28, 2014. Consequently, the motion will be deemed filed as of that date under the prison mailbox rule.

recent decision in Donawa v. U. S. Att'y Gen., 735 F.3d 1275 (11th Cir. 2013) and the Supreme Court's recent opinion in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). The Court rejects this contention for two reasons.

First, the Plaintiff procedurally defaulted this claim by failing to raise it on direct appeal inasmuch as the record was fully developed such that the issue of whether he was properly classified as a career offender was "available" on direct appeal. See Galvez v. United States, 515 F.App'x 855, 856 (11th Cir. 2013) (unpublished) (concluding that the petitioner's collateral challenge to his career offender classification under U.S.S.G. § 4B1.1 in a § 2255 proceeding was procedurally defaulted for failure to raise that issue on direct appeal) (citing Lynn v. United States, 365 F.3d 1225, 1232 n.14 (11th Cir. 2004)). Additionally, as in Galvez, the Plaintiff has failed to argue that any of the exceptions to the procedural default rule preserves this claim. Galvez, 515 F.App'x at 856.

Second, even if this ground was not procedurally defaulted, Donawa and Descamps afford the Plaintiff no basis for relief. See United States v. Burton, ___ F.App'x ___, 2014 WL 1800822, at *2 (11th Cir. 2014) (unpublished) (deciding that Donawa and Descamps did not offer the defendant a basis for relief on direct appeal in which he challenged his career offender designation based on previous convictions for violating Florida Statutes § 893.13(1)(a)). Furthermore, Descamps was decided within the context of a direct appeal, and there is no indication in that case that the Supreme

Court declared that it was to apply retroactively on collateral review. See Roscoe v. United States, 2013 WL 5636686, at *11 (N.D. Ala. 2013) (determining that "[t]he Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the court found any cases applying Descamps retroactively to cases on collateral review."). As in Roscoe, this "court refuses to do so here." Id.

In his second ground for relief, the Plaintiff argues that he was denied the effective assistance of counsel at his sentencing based on his counsel's failure to challenge his career offender classification based on his three prior Florida state convictions for sale of cocaine. The Court soundly rejects this argument because even if trial counsel had raised this issue at the Plaintiff's sentencing the Court would summarily have rejected it. There can be no question that the Plaintiff's three prior drug convictions under Florida law fell squarely within the ambit of a controlled substance offense as defined in U.S.S.G. § 4B1.2(b). Burton, 2014 WL 1800822, at *1.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Vacate (Dkt. 1) is **denied**. The Clerk is directed to enter judgment for the Defendant and to close this case. Additionally, the Court declines to issue a certificate of appealability because the Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 22539(c). Nor will the Court allow the Plaintiff to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

Instead, the Plaintiff will be required to pay the full amount of the Clerk's filing fee pursuant to §§ 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on June 11, 2014.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record
*Pro se* Plaintiff